UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SHEPHERD, BLAKE KINZLER, CLAYTON BIXBY, DALTON TURNER, DAVID WILLSON, SARAH BLEYTHING, TREVOR WORTMAN, KELLY WILKINS, and ANTWAN HENDERSON,

Plaintiffs,

Case No. 26-2400
Hon.

vs

CITY OF BENTON HARBOR,

Defendant.

---

Alexander L. Waldman (P80946)
Attorneys for Plaintiffs
Waldman Law, PLLC
20750 Civic Center Drive, Ste 418
Southfield, MI 48076
P: (248) 891-9690 | F: (248) 955-5095
awaldman@waldmanlawpllc.com
paralegal@waldmanlawpllc.com

---

**COMPLAINT & JURY DEMAND**

NOW COMES the Plaintiffs, ROBERT SHEPHERD, BLAKE KINZLER, CLAYTON BIXBY, DALTON TURNER, DAVID WILLSON, SARAH

BLEYTHING, TREVOR WORTMAN, KELLY WILKINS, and ANTWAN HENDERSON, and for their Complaint against the above-named Defendant, states as follows:

JURISDICTION & VENUE

1. Plaintiff, ROBERT SHEPHERD, is an individual residing in the City of St. Joseph, County of Berrien, State of Michigan.
2. Plaintiff, BLAKE KINZLER, is an individual residing in the City of Benton Harbor, County of Berrien, State of Michigan.
3. Plaintiff, CLAYTON BIXBY, is an individual residing in the City of Berrien Springs, County of Berrien, State of Michigan.
4. Plaintiff, DALTON TURNER, is an individual residing in the City of Coloma, County of Berrien, State of Michigan.
5. Plaintiff, DAVID WILLSON, is an individual residing in the City of Kalamazoo, County of Kalamazoo, State of Michigan.
6. Plaintiff, SARAH BLEYTHING, is an individual residing in the City of Three Rivers, County of St. Joseph, State of Michigan.
7. Plaintiff, TREVOR WORTMAN, is an individual residing in the City of Mattawan, County of Ven Buren, State of Michigan.
8. Plaintiff, KELLY WILKINS, is an individual residing in the City of St. Joseph, County of Berrien, State of Michigan.

9. Plaintiff, ANTWAN HENDERSON, is an individual residing in the City of Benton Harbor, County of Berrien, State of Michigan.

10. Defendant, CITY OF BENTON HARBOR, is a municipal corporation in the City of Benton Harbor, County of Berrien, State of Michigan.

11. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 USC § 201, et seq., and jurisdiction of this Court is invoked pursuant to 28 USC § 1331.

12. Defendant resides within this judicial district and the claims asserted in this action arose within this district.

13. Plaintiffs bring this action on their own behalf and on behalf of any and all similarly situated employee(s) and/or officer(s) as a collective action who have also not been paid overtime as agreed to in their contracts with Defendant.

14. The named Plaintiffs in this matter

15. Venue is proper in this Court pursuant to 28 USC § 1391.

16. The amount in controversy exceeds Seventy-Five Thousand dollars ($75,000.00).

<u>FACTUAL ALLEGATIONS</u>

17. Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully stated herein.

18. Plaintiffs all began working for Defendant as hourly police officers before on or about August 21, 2023.

19. Defendant is a municipal corporation that employs hourly police officers, including all of the named Plaintiffs in the above captioned matter.

20. The contract between Plaintiffs and Defendant states the following:

    a. Overtime will be paid at time and one-half an employee's regular rate of pay for all hours worked beyond the employee's regularly scheduled workday;

    b. An employee required to return to work shall be paid at the rate of time and one-half for all hours worked beyond his/her regularly scheduled work schedule;

    c. Time and one-half an employee's regular rate of pay shall also be paid for all hours worked over 40 hours in any one workweek for those employees regularly scheduled to work an 8-hour or 10-hour workday and over 86 hours in two weeks for those employees regularly scheduled to work a 12 hour workday.

21. Prior to the filing of this lawsuit, Defendant was on notice of this issue and several attempts to correct the issue were made, inclusive of discussions had with HR Manager Lisa Golliday, Finance Director Rhonda Hildebrand, and City Manager Alex Little.

22. Plaintiffs all worked for Defendant more than 40 hours per week, thereby entitling them to overtime pay as required under the FLSA and the contract between Plaintiffs and Defendant.

23. Plaintiffs did not and have not received any overtime compensation for their employment as agreed to by contract and as required under the FLSA.

24. Plaintiffs did not supervise any employees, nor did they have the ability to hire, fire or promote any employees, or make recommendations as to the hiring, firing or promotion of any employees.

25. Plaintiffs did not exercise discretion and independent judgment with respect to any matters of significance.

26. Plaintiffs are not exempt from the overtime pay requirements of the FLSA.

27. Defendant was required to compensate Plaintiffs for all hours worked and at one-and-one-half times her regular rate of pay for all hours worked in excess of 40 hours per week.

28. Defendant did not compensate Plaintiffs for any hours worked in excess of 40 hours per week, or at an overtime rate for hours worked over 40 in a week.

29. All hours worked by Plaintiffs, including overtime hours, were worked at the direction and with the sufferance of Defendant.

30. Defendant's failure to pay overtime in violation of the FLSA was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

31. Plaintiffs complained to Defendant about the failure to comply with the requirements of the FLSA, and Defendant willfully refused to take action to remedy its illegal pay practices.

32. As a result of Defendant's actions and inactions, Plaintiffs have suffered, and will continue to suffer, extensive damages, including but not limited to the following:

a. Stress;
b. Humiliation;
c. Emotional Damages;
d. Non-economic damages;
e. Economic Damages; and
f. All other injuries to be discovered throughout discovery.

WHEREFORE, Plaintiffs respectfully requests that this Court grant judgment in Plaintiffs' favor and against Defendant, an amount of wage loss to be determined, plus liquidated damages equal to that amount, together with Plaintiffs' costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

33. Plaintiffs re-allege and incorporate by reference the forgoing paragraphs as if fully set forth within.

34. Plaintiffs are an "employee" within the coverage of the FLSA. 29 USC § 203(e).

35. Defendants are "employers" within the coverage of the FLSA. 29 USC § 203 (d).

36. Defendants are an enterprise engaged in commerce as defined by the FLSA and has revenues in excess of $500,000.00 per year and/or is an activity of a public agency. 29 USC § 203(s).

37. Plaintiffs are an "employee" engaged in "commerce" as defined by the FLSA. 29 USC § 203(b).

38. Pursuant to the FLSA, Defendant was required to pay Plaintiffs for all hours worked and at one and one half times Plaintiffs' regular rate of pay for all hours worked in excess of 40 hours in a week. 29 USC § 206 and 207.

39. Defendants failed to pay Plaintiffs for all hours worked and at one and one half times her regular rate of pay for hours worked in excess of 40 hours per week, in violation of the FLSA.

40. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 USC § 216(b).

WHEREFORE, Plaintiffs respectfully requests that this Court grant judgment in Plaintiffs' favor and against Defendant, an amount of wage loss to be determined, plus liquidated damages equal to that amount, together with Plaintiffs' costs and

reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable.

Respectfully submitted,

Alexander L. Waldman (P80946)
Waldman Law, PLLC
Attorneys for Plaintiff
20750 Civic Center Drive, Ste 418
Southfield, MI 48076
P: (248) 891-9690
awaldman@waldmanlawpllc.com
paralegal@waldmanlawpllc.com

Dated: August 21, 2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SHEPHERD, BLAKE KINZLER, CLAYTON BIXBY, DALTON TURNER, DAVID WILLSON, SARAH BLEYTHING, TREVOR WORTMAN, KELLY WILKINS, and ANTWAN HENDERSON,

Case No. 26-2400
Hon.

Plaintiffs,

vs

CITY OF BENTON HARBOR,

Defendant.

---

Alexander L. Waldman (P80946)
Attorneys for Plaintiffs
Waldman Law, PLLC
20750 Civic Center Drive, Ste 418
Southfield, MI 48076
P: (248) 891-9690 | F: (248) 955-5095
awaldman@waldmanlawpllc.com
paralegal@waldmanlawpllc.com

---

**JURY DEMAND**

NOW COMES the Plaintiffs, ROBERT SHEPHERD, BLAKE KINZLER, CLAYTON BIXBY, DALTON TURNER, DAVID WILLSON, SARAH

BLEYTHING, TREVOR WORTMAN, KELLY WILKINS, and ANTWAN HENDERSON, by and through her attorneys at Waldman Law, PLLC and respectfully requests a trial by jury in the above-entitled cause of action.

Respectfully submitted,

Alexander L. Waldman (P80946)
Waldman Law, PLLC
Attorneys for Plaintiff
20750 Civic Center Drive, Ste 418
Southfield, MI 48076
P: (248) 891-9690
awaldman@waldmanlawpllc.com
paralegal@waldmanlawpllc.com

Dated: August 21, 2026